**SO ORDERED.**

**SIGNED this 01 day of April, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**WILLIE LESLIE SNEAD,**

  DEBTOR.          CASE NO. 08-00070-8-JRL

_____

### ORDER

This case is before the court on a motion by Bayview Loan Servicing, LLC ("Bayview"), for relief from the automatic stay and to enjoin Willie Leslie Snead ("debtor") from using cash collateral. On March 18, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

On February 28, 2007, the debtor executed a promissory note in the amount of $800,000.00 in favor of InterBay Funding, LLC, secured by a deed of trust to real property located at 4306 Lake Avenue, Wilmington, North Carolina. Bayview is the present owner and holder of the note and deed of trust. Bayview alleges that debtor is currently due for the monthly payments from September 1, 2007, to the present, for a total amount of $1,043,251.46. This figure represents $800,000.00 in the principal loan amount, $74,500.00 in pre-petition interest, $4,000.00 in pre-petition late charges, and approximately $167,925.00 in a default pre-payment fee due under the terms of the deed of trust.

Based on its proffered appraisal of the real estate of $1,200,000.00, Bayview asserts that its interest in the debtor's estate is not adequately protected. Accordingly, Bayview requests that the court order the debtor to make adequate protection payments on the $74,500.00 accruing pre-petition interest figure, and that the court enjoin the debtor from using cash collateral in the form of rental income from the property. The debtor counters that the equity cushion in the debtor's property obviates the need for adequate protection payments.

A debtor-in-possession may not use, sell, or lease cash collateral unless each interested entity consents, or the court provides authorization. 11 U.S.C. § 363(c)(2). If a debtor seeks the court's authorization rather than obtaining the interested entity's consent, the court "shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." Id. at § 363(e). A creditor is adequately protected when a sufficient equity cushion exists in its security. United Savings Assoc. v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 370-71 (1988). In many courts, a twenty percent equity cushion has been considered sufficient to constitute adequate protection. See, e.g., In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984); In re Kost, 102 B.R. 829, 831-32 (Bankr. D.Wy. 1989) (collecting cases). Similar equity cushions have been tolerated in cases in this district as well. See In re Lee Tractor Co., No. 07-03928-8-RDD (Bankr. E.D.N.C. Oct. 19, 2007); In re Pak-A-Sak Food Stores, Inc., No. 06-04078-8-JRL (Feb. 27, 2007).

In this case, Bayview proffered that the debtor's property was appraised at $1,200,000.00, and the debtor's present debt is approximately $874,500.00.[1] Therefore, a 27% equity cushion exists in the property, and the court finds that this provides sufficient protection of Bayview's interest

---

[1] Although Bayview contends that the deed of trust contains a $167,925.00 pre-payment fee that should be included in the debt calculation, the court finds that Bayview has not met its burden of proving that this amount may be properly charged to the debtor.

without the necessity of adequate protection payments. Bayview's motion for relief from the automatic stay and to enjoin the debtor from using cash collateral is DENIED.

**"END OF DOCUMENT"**